IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C.B., a minor, by and through her father BROOK BAVILACQUA, and her mother MELISSA BAVILACQUA,<br>   Plaintiff,<br><br>v.<br><br>MINOOKA COMMUNITY HIGH SCHOOL DISTRICT 111, a political subdivision of the State of Illinois, RENEE EBEL, Dean of Students, and PATRICK WATSON, Dean of Students,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 23-cv-02367<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff C.B., by attorney Douglas B. Harper of The Law Office of Douglas B. Harper, brings this action and complains of Defendants as follows:

### **INTRODUCTION**

1. This is a civil action pursuant to 42 U.S.C. § 1983, complaining of violations of Plaintiff's First Amendment rights of freedom of speech and freedom of association.

2. Plaintiff is a minor and a high school student. She made a private statement to her friend (high school student G.G.) during a private chat with him on Snapchat social media regarding a profane and disrespectful comment made by a third person (high school student D.E.). Plaintiff's private statement to G.G. was made out of school and out of school hours. It did not involve school matters, and there was no reason to believe it would substantially interfere with the work of the school or impinge upon the rights of other students.

3.  Upon learning of Plaintiff's private statement, Defendants suspended Plaintiff out of school for 10 school days, they imposed social-suspension on her for 25 school days, they charged her with 80 demerits (where she previously had none), and they required her to attend sensitivity training. Defendants also told G.G. to stop communicating with Plaintiff on Snapchat, and G.G. obeyed that command.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

5.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because one or more of the parties reside in this judicial district, or resided in this district at the time the events took place, and because the actions at issue took place in this judicial district.

## PARTIES and RELEVANT PERSONS

6.  Plaintiff **C.B.**, at all times relevant to this Complaint, was a natural person, a minor, and a citizen of the United States. She was enrolled as a student at Minooka High School. At all times relevant to this complaint, Plaintiff was involved in various high school extracurricular activities including Band, Concert Band, and Marching Band. At all times prior to April 16, 2021, she was a "Straight A" student with no demerits.

7.  **BROOK BAVILACQUA**, at all times relevant to this Complaint, was a natural person, a citizen of the United States, and the father of Plaintiff C.B.

8.  **MELISSA BAVILACQUA**, at all times relevant to this Complaint, was a natural person, a citizen of the United States, and the mother of Plaintiff C.B.

9.  Defendant **MINOOKA COMMUNITY HIGH SCHOOL DISTRICT 111** (School District) is a political subdivision of the State of Illinois with perpetual existence and the

power to sue and be sued. It is charged with overseeing education in the public high schools in Channahon, Minooka, and Shorewood, Illinois. It is located in Channahon, which is located in Will County, Illinois.

10. Defendant **RENEE EBEL** (Dean Ebel), at all times relevant to this Complaint, was a natural person and a Dean of Students at Minooka Community High School. As a Dean of Students, she was a person empowered to set policy and exercise final decision making authority for the School District. At all times relevant herein, she acted in her capacity as the Dean of Students, she had been empowered by law with final decision making authority to impose discipline on students at Minooka High School, and she used that power to impose discipline on Plaintiff and thereby acted under color of law. She is sued in both her official and individual capacities.

11. Defendant **PATRICK WATSON** (Dean Watson), at all times relevant to this Complaint, was a natural person and a Dean of Students at Minooka Community High School. At all times relevant herein, he acted in her capacity as the Dean of Students, he had been empowered by law with final decision making authority to impose discipline on students at Minooka High School, and he used that power to impose discipline on Plaintiff and thereby acted under color of law. He is sued in both her official and individual capacities.

12. Non-party **G.G.** is a minor. At all times relevant to this complaint, G.G. was a student at Minooka High School.

13. Non-party **D.E.** is a minor. At all times relevant to this complaint, D.E. is believed to have been a student at Minooka High School.

**THE FACTS**

14. During the time of her attendance at Minooka High School, including the approximate date of April 15, 2021, Plaintiff enjoyed a friendship with G.G. Their friendship included socializing with each other using Snapchat.

15. Snapchat is a social media app and messaging service. It is a popular mode of communication among teenagers and high school students. It allows users to communicate with each other by sharing photos and text messages, and also photos containing comments that the user has added. Users can send these communications publicly by sending them to a group consisting of many Snapchat members, and also privately by sending them directly to a specific Snapchat user.

16. Snapchat allows a user to "block" another user. When a user blocks another user, the two users can no longer use Snapchat to communicate. Both users are removed from each other's list of contacts, both users are prevented from seeing each other's new message, both users are prevented from seeing each other's old messages, and the history of all messages between the two users is no longer available to be viewed by either user.

17. On Thursday, April 15, 2021, during evening hours when school was not in session, G.G. used Snapchat to send a message to D.E. consisting of a collage of three Internet memes (the Collage).

18. The first meme shows a grieving young girl being comforted by an adult wearing a wedding ring. The grieving girl holds the United States flag which has been folded in a triangle — a presentation reserved as a tribute to honor a deceased veteran of the United States Armed Forces. The meme suggests that an honored service member has

died, leaving behind a spouse and daughter who are in mourning. At the top margin, the meme displays the words, "This is why you." At the bottom margin, the meme displays the words, "Don't step on the flag."

19. The second meme shows a man wearing the uniform of a branch of the United States Armed Forces. He is seated in a wheelchair, and his left arm has been amputated at the elbow. The United States flag is displayed on a wall behind him. At the top margin, the meme displays the words, "This is why you." At the bottom margin, the meme displays the words, "Stand for the National Anthem."

20. The third meme shows the United States flag displayed on a flag pole. At the top margin, the meme displays the words, "You're an American." At the bottom margin, the meme displays the words, "Start acting like it."

21. The Collage conveys the sentiment that disabled veterans, deceased veterans, and the United States flag, are deserving of respect.

22. A true and accurate copy of the Collage is attached hereto as Exhibit 1.

23. When D.E. received the Collage from G.G., she sent a Snapchat response to G.G. that said:

> "f**k  u  n  ya cops
> i will never stand for the plego
> pledge
> never have never will"

24. D.E.'s response was a profane expression of contempt for disabled veterans, deceased veterans, the United States flag, and the belief that they are deserving of respect.

25. On receiving D.E.'s response, G.G. posted a screenshot of it on Snapchat along with his own comment that said, "People like this make me sick."

26. When G.G. posted the screenshot, he "tagged" Plaintiff which meant Snapchat would notify Plaintiff that G.G. wanted her to see what he had posted.

27. On that same Thursday, April 15, 2021, at approximately 8:00 PM, Plaintiff C.B. *did* see G.G.'s screenshot. At that time, Plaintiff was at home in her bedroom; not at school. School hours were not in effect. Plaintiff was not participating in a school activity, and she was not using Snapchat to discuss school matters. She was not accessing Snapchat using an Internet connection or electronic device owned by the school.

28. On seeing G.G.'s screenshot, Plaintiff responded with a private Snapchat message sent directly to G.G., and only to G.G. Plaintiff's private message expressed her personal thoughts and feelings on seeing D.E.'s profane expression of contempt for disabled veterans, deceased veterans, the United States flag, and the belief that they are deserving of respect.

29. Plaintiff's private message to G.G. said:

> "cant even spell in english. leave.
> go back to wherever u came from."

30. When G.G. received and opened Plaintiff's private message, Snapchat sent a notification to Plaintiff that alerted her to the fact that G.G. had read it. On receiving the notification, Plaintiff sent a second private message to G.G. that asked him not to share her prior message with anyone.

31. By the next day, Friday, April 16, 2021, however, Deans Ebel and Watson had become aware of Plaintiff's private message to G.G., and they met with G.G. at

Minooka High School to discuss it. During that meeting, Deans Ebel and Watson told G.G. to block Plaintiff on Snapchat. However, G.G. was not suspended for having posted on Snapchat his comment that "people like" D.E. made him sick.

32. On or about April 16, 2021, G.G. did as he had been told by Deans Ebel and Watson, and he blocked Plaintiff on Snapchat.

33. On Monday, April 19, 2021, while at school and during school hours, Plaintiff was called into Dean Ebel's office at Minooka High School and required to attend a meeting with Deans Ebel and Watson. During that meeting, they discussed Plaintiff's private message to G.G. At that time, Dean Ebel told Plaintiff, among other things, "We told G.G. to block you."

34. On April 19, 2021, and in response to Plaintiff's private message to G.G., Defendants imposed discipline on Plaintiff consisting of *suspension out of school* for 10 days, beginning on April 19, 2021, and lasting through April 30, 2021. The suspension included suspension from school day activities as well as after-school activities. During the time of her suspension, Plaintiff was barred from logging into the synchronous portions of her classes, and she was prohibited from entering any property of the School District.

35. On April 19, 2021, and in response to Plaintiff's private message to G.G., Defendants also imposed discipline on Plaintiff consisting of *social suspension* for the remainder of the school year, which was up to and including May 24, 2021. According to the District's Student/Parent Handbook that was in effect at the time, a student who has been socially suspended may not attend or participate in any school functions while serving the social suspension. When socially suspended, if a student is in attendance at a school-sponsored event, on or off campus (including both home and away events), he or she could

be arrested for trespassing. The term of the social suspension includes evenings, weekends, and holidays.

36. On April 19, 2021, and in response to Plaintiff's private message to G.G., Defendants also imposed discipline on Plaintiff consisting of 80 demerits. According to the District's Student/Parent Handbook that was in effect at the time, a student with 85 demerits may be placed on Final Warning. A student with 100 demerits may be brought before the Board of Education for expulsion or alternatively placed in lieu of expulsion. If a student is alternatively placed, the student will not be allowed on campus without permission, and will not be allowed to participate in athletics or any other extra-curricular activity as determined by the administration.

37. After Plaintiff had served the 10 day out of school suspension and returned back to school, and upon learning that Plaintiff had been a straight A student, Dean Ebel commented on Plaintiff's good grades and told Plaintiff, "We don't usually see grades like this from *kids like you*."

**COUNT I**
**42 U.S.C. Section 1983**
**First Amendment Violation**
**Deprivation of the Right to Freedom of Speech**
**(All Defendants)**

38. Paragraphs 1 to 37 of this Complaint are incorporated fully herein.

39. The First Amendment to the United States Constitution prohibits the government from "abridging the freedom of speech."

40. At all times relevant to this Complaint, Plaintiff had the right to freedom of speech that was protected by the First Amendment.

41. Deans Ebel and Watson are natural persons who, acting under color of law, caused Plaintiff to suffer a deprivation of the right to freedom of speech.

42. At no time did Deans Ebel and Watson have reason to believe that Plaintiff's private message to G.G. would substantially interfere with the work of the school or impinge upon the rights of other students.

43. As a direct and proximate cause of receiving the out of school suspension, the social suspension, and the 80 demerits, Plaintiff suffered actual damages, consequential damages, and emotional distress, including but not limited to:

   A. injury to her actual education,

   B. injury to her academic record and her prospects for acceptance at colleges and universities,

   C. interference with her ability to participate in school extracurricular activities,

   D. injury to the social relationships with other students that depend on sharing the high school experience with them,

   E. humiliation and loss of social standing in the eyes of her peers due to the stigma of having been suspended, and

   F. mental anguish and emotional distress.

44. Dean Ebel's comment to Plaintiff, "We don't usually see grades like this from *kids like you*," indicates malice toward Plaintiff.

45. Deans Ebel and Watson's failure to impose the discipline of suspension on G.G., even though he posted on Snapchat that "people like" D.E. made him sick, shows that Defendants' response to Plaintiff's conduct was disproportionally harsh in comparison to their response to G.G.'s conduct, and that disproportionally harsh treatment indicates malice toward Plaintiff.

46. The School District is liable for the actions of Deans Ebel and Watson because, at all times relevant to this Complaint, they had been empowered by law with final decision making authority to impose discipline on students at Minooka High School, and they used that power when they imposed discipline on Plaintiff.

**WHEREFORE**, Plaintiff C.B. respectfully requests that this Court enter judgment in her favor and against all Defendants and award her the following relief:

A). As to Deans Ebel and Watson in their individual capacities:

1). compensatory damages, consequential damages, and punitive damages,

2). costs and reasonable attorney's fees, and,

3). whatever other and further relief this Court deems just and appropriate.

B). As to Deans Ebel and Watson in their official capacities:

1). a declaration that said defendants must remove the school suspension and the 80 demerits from Plaintiff's record,

2). a declaration that, if any colleges or universities have been notified by Defendants regarding Plaintiff's suspension or any fact related thereto, Defendants must send to those colleges and universities a retraction explaining that the suspension was imposed due to Defendants' error in judgment and it should be disregarded.

3). costs and reasonable attorney's fees, and,

4). whatever other and further relief this Court deems just and appropriate.

C). As to the School District:

1). compensatory damages and consequential damages,

2). a declaration that said defendant must remove the school suspension and the 80 demerits from Plaintiff's record,

3). a declaration that, if any colleges or universities have been notified by Defendants regarding Plaintiff's suspension or any fact related thereto, Defendants must send to those colleges and universities a retraction explaining that the suspension was imposed due to Defendants' error in judgment and it should be disregarded.

4). costs and reasonable attorney's fees, and,

5). whatever other and further relief this Court deems just and appropriate.

**COUNT II**
**42 U.S.C. Section 1983**
**First Amendment Violation**
**Deprivation of the Right to Freedom of Association**
**(All Defendants)**

47. Paragraphs 1 to 37 of this Complaint are incorporated fully herein.

48. The First Amendment to the Constitution of the United States guarantees the right to freedom of association.

49. Deans Ebel and Watson are natural persons who, acting under color of law, caused Plaintiff to suffer a deprivation of the right to freedom of association.

50. Deans Ebel and Watson interfered with Plaintiff's right to freedom of association by instructing G.G. to block her on Snapchat.

51. Deans Ebel and Watson further interfered with Plaintiff's right to freedom of association because actually G.G. obeyed their instructions and blocked Plaintiff.

52. As a direct and proximate cause of telling G.G. to block Plaintiff on Snapchat, Plaintiff suffered actual damages, consequential damages, and emotional distress, including but not limited to:

A. interference with her ability to socialize with G.G.

B. loss of friendship with G.G.

      C.      humiliation and loss of social standing in the eyes of her peers due to the stigma of having been blocked, and

      D.      mental anguish and emotional distress.

53. By telling G.G. that *he* should block *Plaintiff*, rather than telling Plaintiff that *she* should block *him*, Deans Ebel and Watson implied that Plaintiff was a disreputable person who deserved to be ostracized by G.G., and not the other way around, and that implication shows malice toward Plaintiff.

54. The School District is liable for the actions of Deans Ebel and Watson because, at all times relevant to this Complaint, they had been empowered by law with final decision making authority to impose discipline on students at Minooka High School, and they used that power in requiring G.G. to block Plaintiff on Snapchat.

**WHEREFORE**, Plaintiff C.B. respectfully requests that this Court enter judgment in her favor and against all Defendants and award her the following relief:

A).    As to Deans Ebel and Watson in their individual capacities:

    1).    compensatory damages, consequential damages, and punitive damages,

    2).    costs and reasonable attorney's fees, and,

    3).    whatever other and further relief this Court deems just and appropriate.

B).    As to the School District:

    1).    compensatory damages and consequential damages,

    2).    costs and reasonable attorney's fees, and,

    3).    whatever other and further relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by a jury pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,
**Plaintiff C.B.**
By:/s/Douglas B. Harper
Douglas B. Harper
Attorney ID No. 6199697

**Dated:** April 14, 2023

Douglas B. Harper
The Law Office of Douglas B. Harper
Two Prudential Plaza
180 N. Stetson Ave, Suite 3500
Chicago, Illinois 60601-6769
(312) 214-2454
www.dbharperlaw.com

# EXHIBIT 1



